IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GUILLERMO VERA,**<br><br>Plaintiff,<br><br>v.<br><br>**CONNIE GIPSON, Warden,**<br><br>Defendant. | 1:13-cv-00870 AWI MJS PC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION AND RE-OPENING CASE (Doc. 13)**<br><br>**ORDER DIRECTING CLERK OF COURT TO CONVERT ACTION FROM A HABEAS ACTION TO A CIVIL RIGHTS COMPLAINT**<br><br>**ORDER DIRECTING CLERK OF COURT TO SEPARATELY FILE THE CIVIL RIGHTS COMPLIANT ATTACHED TO PLAINTIFF'S MOTION TO AMEND THE FINDINGS (Doc. 13) AS AN AMENDED COMPLAINT**<br><br>**ORDER DIRECTING CLERK OF COURT TO ISSUE PRISONER NEW CASE DOCUMENTS** |

Plaintiff is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**I.      PROCEDURAL HISTORY**

Plaintiff filed the instant petition for writ of habeas corpus on June 10, 2013. (Pet., ECF No. 1.)  In the petition, Plaintiff requests a subpoena duces tecum to obtain certain medical records. (Pet. at 4.) On June 21, 2013 the Magistrate Judge recommended that the petition be dismissed without prejudice for lack of jurisdiction, and informed Plaintiff

1

that he could instead proceed by way of a separate civil rights complaint. On November 12, 2013, the Court adopted the findings and recommendation, and dismissed the matter without prejudice.

On November 27, 2013, Plaintiff filed a motion to amend. (Doc. 13.) In the motion, Plaintiff notified the Court that the Court incorrectly granted in forma pauperis status for a civil rights complaint pursuant to 28 U.S.C. § 1915, rather than granting in forma pauperis for a habeas corpus petition. (ECF No. 3.) Accordingly, Plaintiff became obligated to pay the filing fee for a civil action of $350.00 rather than $5.00 filing fee for a petition for writ of habeas corpus.

## II. MOTION FOR RECONSIDERATION

Plaintiff filed a motion to amend the filings.

The federal courts have a duty to construe *pro se* pleadings liberally. Hamilton v. United States, 67 F.3d 761, 764 (9th Cir. 1995) (citing Hughes v. Rowe, 449 U.S. 5, 9 (1980) (quotation omitted)). Consistent with such duty, the Court will construe Plaintiff's November 27, 2013 motion to amend the findings as a motion for reconsideration.

The Court noted in dismissing the habeas action that in an appropriate case a habeas petition may be construed as a Section 1983 complaint. Wilwording v. Swenson, 404 U.S. 249, 251, 92 S. Ct. 407, 30 L. Ed. 2d 418 (1971); Hansen v. May, 502 F.2d 728, 729-30 (9th Cir. 1974). The Court noted the differences in filing fees between the two types of actions and that a civil rights complaint dismissed as malicious, frivolous, or for failure to state a claim could count as a "strike" under 28 U.S.C. § 1915(g).

However, as noted by Plaintiff, even though Plaintiff filed a petition for writ of habeas corpus, the Court incorrectly granted Plaintiff in forma pauperis status based on the filing of civil rights complaint, thereby requiring Plaintiff to pay a $350.00 filing fee. Accordingly, the reason for the Court's dismissal of the action, namely to prevent Plaintiff from being required to pay the civil filing fee, was negated. Furthermore, by filing an amended civil rights complaint on the form provided by the Court, Plaintiff has indicated his intent to proceed with a civil rights complaint.

Rule 60(b)(1) provides as follows: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: [ ] mistake, inadvertence, surprise, or excusable neglect." Here, due to mistake by the Court, there is good reason to grant Plaintiff's motion for reconsideration. The Court shall order the Clerk of Court to re-open the matter and re-designate it as a civil rights action.

## II.  ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration is GRANTED;
2. The Clerk of Court shall re-open the present matter and re-designate it as a civil rights complaint;
3. The Clerk of Court is also ordered to separately file the complaint attached to Plaintiff's Motion to Amend (Doc. 13.) as an amended complaint under a separate docket entry; and
4. The Clerk of Court is directed to issue prisoner new case documents.

IT IS SO ORDERED.

Dated:   February 25, 2014            /s/ *Michael J. Seng*
                                     UNITED STATES MAGISTRATE JUDGE