# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO VERA, | Case No.  1:13-cv-00870-AWI-MJS (PC) |
| Plaintiff, | **ORDER (1) DENYING APPOINTMENT OF COUNSEL, and (2) DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| v. | |
| CONNIE GIPSON, Warden, | **(ECF No. 15)** |
| Defendant. | **AMENDED PLEADING DUE IN THIRTY (30) DAYS** |

Plaintiff initiated this action by filing pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court directed the habeas proceeding be converted to a 42 U.S.C. § 1983 civil rights action and that Plaintiff proceed in forma pauperis. The Clerk of the Court was directed to file Plaintiff's First Amended Complaint (ECF No. 15) which is now before the Court for screening.

## I.    SCREENING REQUIREMENT

The Court must dismiss an in forma pauperis action at any time if the Court determines that the allegation of poverty is untrue, the action is frivolous or malicious, the action fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. See 28 U.S.C. § 1915(e).

1

1  II.   **PLEADING STANDARD**

2      Section 1983 "provides a cause of action for the deprivation of any rights,

3  privileges, or immunities secured by the Constitution and laws of the United States."

4  Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983.

5  Section 1983 is not itself a source of substantive rights, but merely provides a method

6  for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386,

7  393-94 (1989).

8      To state a claim under § 1983, a plaintiff must allege two essential elements: (1)

9  that a right secured by the Constitution or laws of the United States was violated and (2)

10 that the alleged violation was committed by a person acting under the color of state law.

11 See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243,

12 1245 (9th Cir. 1987).

13     A complaint must contain "a short and plain statement of the claim showing that

14 the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations

15 are not required, but "[t]hreadbare recitals of the elements of a cause of action,

16 supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S.

17 662, 678 (2009), citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

18 Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is

19 plausible on its face." Id. Facial plausibility demands more than the mere possibility that

20 a defendant committed misconduct and, while factual allegations are accepted as true,

21 legal conclusions are not. Id. at 667-68.

22     Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police

23 Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

24 III.  **PLAINTIFF'S ALLEGATIONS**

25     The First Amended Complaint is not a complete pleading. It does not include

26 factual allegations, legal claims, or a statement of relief sought.

27     Plaintiff, an inmate at Corcoran State Prison ("CSP"), contends he has not

28 received the care, treatment and accommodation recommended by an outside

specialist for his disabling orthopedic (knee, ankle) condition. He has been unable to get needed copies of medical records from the outside provider, Reno Orthopedic Clinic, and wants to subpoena them. It appears he seeks injunctive relief and monetary damages.

He names as Defendants (1) CSP Warden Gipson and (2) the Reno Orthopedic Clinic.

IV.    **DISCUSSION**

    A.    **No Cognizable Claim Stated**

The First Amended Complaint does not include any discernable description of an alleged violation of any of Plaintiff's constitutional rights. It does not advise the Court of the claims Plaintiff intends to plead or the bases for them. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff's First Amended Complaint fails to state any cognizable claim.

The Court will provide Plaintiff an opportunity to amend. If Plaintiff chooses to amend, he must include all relevant factual allegations in one document; references to facts alleged in preceding filings will be disregarded. The following sections of this Order provide legal standards applicable to named Defendants and what the Court believes may be Plaintiff's intended claims.

    B.    **Linking Defendants to Violations**

A § 1983 plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). There must be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by the plaintiff. See Monell v. Department of Social Services, 436 U.S. 658 (1978).

Defendants can not be held liable under § 1983 solely because of their supervisory capacity. There is no respondeat superior liability under [§] 1983." Taylor v.

List, 880 F.2d 1040, 1045 (9th Cir. 1989). "Liability under [§] 1983 arises only upon a showing of personal participation by the defendant. A supervisor is only liable for the constitutional violations of . . . subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. See Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991) (concluding that knowledge of a policy and practice of overcrowding that allegedly resulted in inmate's rape could be sufficient to establish liability). "A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor." Starr v. Baca, 652 F.2d 1202, 1206-07 (9th Cir. 2011). "[A] plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." Id.

In any amended pleading, Plaintiff must allege facts sufficient to support a finding that each named Defendant personally violated, or knowingly directed a violation of, or knew of and failed to act to prevent a violation of, or was deliberately indifferent to an excessive risk of violation of, his constitutional rights.

### C.   No Liability for Private Action

To state a § 1983 claim, a plaintiff must allege facts which show a deprivation by a person acting under color of state law.

Generally, private parties do not act under color of state law. Brentwood Academy v. Tennessee Secondary School Athletic Assoc., 531 U.S. 288, 295 (2001); Single Moms, Inc. v. Montana Power Co., 331 F.3d 743, 746-47 (9th Cir. 2003). "The United States Constitution protects individual rights only from government action, not from private action." Single Moms, Inc., 331 F.3d at 746. "Only when the government is responsible for a plaintiff's complaints are individual constitutional rights implicated." Id., at 746–47, citing Brentwood Academy, 531 U.S. at 295.

"[S]tate action may be found if, though only if, there is such a close nexus

1   between the state and the challenged action that seemingly private behavior may be
2   fairly treated as that of the state itself." Brentwood Academy, 531 U.S. at 295. Private
3   entities have been treated as state actors when they are controlled by a state agency,
4   when they have "been delegated a public function by the [s]tate," when they are
5   "entwined with governmental policies," and when the "government is entwined in [their]
6   management or control." Brentwood Academy, 531 U.S. at 296. A private physician or
7   hospital that contracts with a public prison system to provide treatment for inmates
8   performs a public function and acts under color of law for purposes of § 1983. West,
9   487 U.S. at 56 n.15; Lopez v. Dep't of Health Servs., 939 F.2d 881, 883 (9th Cir. 1991).

10      Plaintiff names an apparent non-public entity, the Reno Orthopedic Clinic, as a
11  Defendant in this action. However, his pleading does not include any facts suggesting
12  the Reno Orthopedic Clinic was acting under color of state law when allegedly violating
13  Plaintiff's rights.

14      Plaintiff will be given leave to amend. If he chooses to amend, he should allege
15  facts showing how each Defendant was acting under color of state law when allegedly
16  violating his rights.

17      **D.    Medical Indifference**

18      "[T]o maintain an Eighth Amendment claim based on prison medical treatment,
19  an inmate must show deliberate indifference to serious medical needs." Jett v. Penner,
20  439 F.3d 1091, 1096 (9th Cir. 2006), quoting Estelle v. Gamble, 429 U.S. 97, 106
21  (1976). This requires Plaintiff to show (1) "a serious medical need by demonstrating that
22  failure to treat a prisoner's condition could result in further significant injury or the
23  unnecessary and wanton infliction of pain," and (2) "the defendant's response to the
24  need was deliberately indifferent." Jett, 439 F.3d at 1096, quoting McGuckin v. Smith,
25  974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v.
26  Miller, 104 F.3d 1133, 1136 (9th Cir. 1997).

27      Plaintiff's disagreement with treatment decisions and his belief that he should
28  have received different care and accommodation, without more, is not a basis for a

federal deliberate indifference claim unless the treatment chosen is medically unacceptable and in conscious disregard of an excessive risk to the prisoner's health. See Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981); Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).

Where a delay in treatment is alleged, the plaintiff must show it led to further significant injury or the unnecessary and wanton infliction of pain. Jett, 439 F.3d at 1096. The delay is a constitutional violation only if it caused the prisoner "substantial harm." Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990).

Mere medical negligence is not sufficient to show medical indifference. See Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980), citing Estelle, 429 U.S. at 105-06 (1976).

Plaintiff does not include in his First Amended Complaint facts showing a serious medical need, Jett, 439 F.3d at 1096; see McGuckin, 974 F.2d at 1059-60, and that Defendants' intentionally denied, delayed, or interfered with medically necessary care or intentionally provided unacceptable medical care. See Toguchi v. Chung, 391 F.3d 1051, 1058-60 (9th Cir. 2004).

Plaintiff fails to state a claim for medical indifference. If Plaintiff chooses to amend, he must allege facts showing each named Defendant knowingly denied, delayed, or interfered with his serious medical need, or knowingly provided medically unacceptable care, harming Plaintiff.

### E.   Health Care Appeal

Prison staff actions in responding to Plaintiff's prisoner grievance alone can not give rise to any claim for relief under § 1983 for violation of due process. "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993), citing Azeez v. DeRobertis, 568 F.Supp. 8, 10 (D.C. Ill. 1982). A prisoner does not have a claim of entitlement to a grievance procedure. Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Ramirez v. Galarza, 334 F.3d 850, 860 (9th Cir. 2003).

1    Plaintiff may not assert a constitutional violation based solely on a claim

2 Defendants improperly handled and disposed of his health care grievance.

3    **F.    Injunctive Relief**

4    Injunctive relief, whether temporary or permanent, is an "extraordinary remedy,

5 never awarded as of right." Winter v. Natural Res. Defense Council, 555 U.S. 7, 22

6 (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of

7 success on the merits and the possibility of irreparable injury, or (2) the existence of

8 serious questions going to the merits and the balance of hardships tipping in [the

9 moving party's] favor." Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.,

10 762 F.2d 1374, 1376 (9th Cir. 1985), quoting Apple Computer, Inc. v. Formula

11 International, Inc., 725 F.2d 521, 523 (9th Cir. 1984); see City of Los Angeles v. Lyons,

12 461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

13    Plaintiff can not seek injunctive relief where, as here, no underlying federal claim

14 is stated. City of Los Angeles, 461 U.S. at 101-02 (plaintiff must show a "case or

15 controversy" and "real and immediate" threat of injury). His underlying First Amended

16 Complaint fails to state any cognizable claim against Defendants, for the reasons

17 stated.

18    **G.    Appointment of Counsel**

19        1.    Legal Standard

20    Plaintiff does not have a constitutional right to appointed counsel in this action,

21 Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other

22 grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court can not require an

23 attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United

24 States District Court for the Southern District of Iowa, 490 U.S. 296, 298 (1989).

25 However, in certain exceptional circumstances the Court may request the voluntary

26 assistance of counsel pursuant to § 1915(e)(1). Rand, 113 F.3d at 1525.

27        2.    Appointment Denied Without Prejudice

28    Plaintiff's request is procedurally deficient because is it made in his pleading

1   rather than by motion. A request for a court order, including an order appointing

2   counsel, must be made by motion. Fed. R. Civ. P. 7(b).

3       Additionally, Plaintiff fails to allege facts of exceptional circumstances supporting

4   appointment of counsel. In determining whether "exceptional circumstances exist, the

5   district court must evaluate both the likelihood of success of the merits [and] the ability

6   of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal

7   issues involved." Rand, 113 F.3d at 1525. Here, no cognizable claim is stated and the

8   factual background has not been developed. It is too early in the proceedings for the

9   Court to determine whether extensive investigation and discovery will be required. The

10  record to date does not demonstrate Plaintiff lacks sufficient writing ability and legal

11  knowledge to articulate claims. Additionally, it is not apparent on the record that Plaintiff

12  exhausted diligent effort to secure counsel.[1] Plaintiff's lack of funds alone does not

13  demonstrate that efforts to secure counsel necessarily would be futile.

14      Accordingly, for the foregoing reasons, Plaintiff's request for appointment of

15  counsel shall be denied without prejudice.

16  **V.    CONCLUSIONS AND ORDER**

17      The motion for appointment of counsel is not supported by exceptional

18  circumstances and diligent attempts to retain private counsel. The First Amended

19  Complaint does not state a claim for relief under § 1983.

20      The Court will grant an opportunity to file an amended complaint consistent with

21  the foregoing. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809

22  F.2d 1446, 1448-49 (9th Cir. 1987).

23      If Plaintiff opts to amend, he must demonstrate that the alleged acts resulted in a

24  deprivation of his constitutional rights. Iqbal, 129 S.Ct. at 1948-49. Plaintiff must set

25  forth "sufficient factual matter . . . to state a claim that is plausible on its face." Id. at

26  1949, quoting Twombly, 550 U.S. at 555. Plaintiff must demonstrate that Defendants

27

28  [1] See, e.g., Thornton v. Schwarzenegger, 2011 WL 90320, *3-4 (S.D. Cal. 2011) (cases cited).

8

1    personally participated in a deprivation of his rights. <u>Jones</u>, 297 F.3d at 934.

2         Plaintiff should note that although he has been given the opportunity to amend, it

3    is not for the purposes of adding new claims. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th

4    Cir. 2007). Plaintiff should carefully read this Screening Order and focus his efforts on

5    curing the deficiencies set forth above.

6         Finally, Plaintiff is advised that Local Rule 220 requires that an amended

7    complaint be complete in itself without reference to any prior pleading. As a general

8    rule, an amended complaint supersedes the original complaint. <u>See</u> <u>Loux v. Rhay</u>, 375

9    F.2d 55, 57 (9th Cir. 1967), <u>overruled in part by</u> <u>Lacey v. Maricopa County</u>, 693 F.3d

10   896, 928 (9th Cir. 2012). Once an amended complaint is filed, the original complaint no

11   longer serves any function in the case. Therefore, in an amended complaint, as in an

12   original complaint, each claim and the involvement of each defendant must be

13   sufficiently alleged. The amended complaint should be clearly and boldly titled "Second

14   Amended Complaint", refer to the appropriate case number, and be an original signed

15   under penalty of perjury. Plaintiff's amended complaint should be brief. Fed. R. Civ. P.

16   8(a). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a

17   right to relief above the speculative level . . . ." <u>Twombly</u>, 550 U.S. at 555.

18        Based on the foregoing, it is HEREBY ORDERED that:

19        1.    The request for appointment of counsel (ECF No. 15) is denied without

20              prejudice,

21        2.    The Clerk's Office shall send Plaintiff (1) a blank civil rights amended

22              complaint form and (2) a copy of his First Amended Complaint filed

23              November 27, 2013,

24        3.    Plaintiff's First Amended Complaint (ECF No. 15) is DISMISSED for failure

25              to state a claim upon which relief may be granted,

26        4.    Plaintiff shall file an amended complaint within thirty (30) days from

27              service of this Order, and

28        5.    If Plaintiff fails to file an amended complaint in compliance with this Order,

the undersigned will recommend this action be dismissed, with prejudice, for failure to state a claim and failure to prosecute, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). Silva v. Di Vittorio 658 F.3d 1090 (9th Cir. 2011).

IT IS SO ORDERED.

Dated:   February 27, 2014          /s/ Michael J. Seng

UNITED STATES MAGISTRATE JUDGE

10