# UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO VERA,<br><br>Plaintiff,<br><br>v.<br><br>CONNIE GIPSON, Warden,<br><br>Defendant. | Case No. 1:13-cv-00870-AWI-MJS (PC)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**(ECF No. 23)** |

Plaintiff initiated this action by filing pro se a petition for writ of habeas corpus which the Court directed be converted to a 42 U.S.C. § 1983 action and filed as a First Amended Complaint. Plaintiff proceeds in forma pauperis. The matter is in the screening phase.

Before the Court is Plaintiff's motion for appointment of counsel. Plaintiff asserts that counsel should be appointed because he has limited education and knowledge of the law; he has limited access to the law library; he cannot afford private counsel; he suffers unspecified language and learning disability issues; and the case is complex and requires investigation and discovery.

1

## I. LEGAL STANDARD

Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), partially overruled on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the Court can not require an attorney to represent him pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). In certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his or her claims pro se in light of the complexity of the legal issues involved." *Id.* Neither of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under section 1915(d). *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).

The burden of demonstrating exceptional circumstances is on the Plaintiff. See *Palmer*, 560 F.3d at 970 (plaintiff "has not made the requisite showing of exceptional circumstances for the appointment of counsel"); accord, *Alvarez v. Jacquez*, 415 F. App'x 830, 831 (9th Cir. 2011) (plaintiff "failed to show exceptional circumstances"); *Simmons v. Hambly*, 14 F. App'x. 918, 919 (9th Cir. 2001) (same); *Davis v. Yarborough*, 459 F. App'x 601, 602 (9th Cir. 2011) (plaintiff "did not show the 'exceptional circumstances' required to appoint counsel under 28 U.S.C. § 1915(e)(1).").

## II. APPOINTMENT OF COUNSEL DENIED

There are not exceptional circumstances supporting appointment of counsel. The Court cannot make a determination at this early stage of the litigation that Plaintiff is likely to succeed on the merits. No cognizable claim has been stated and the factual background has not been developed. It is too early in the proceedings for the Court to determine

whether extensive investigation and discovery will be required. Even assuming that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases almost daily.

The record to date does not demonstrate Plaintiff lacks sufficient writing ability and legal knowledge to articulate claims.

Finally, Plaintiff makes no showing that he has exhausted diligent efforts to secure counsel.[1] His lack of funds alone does not demonstrate that efforts to secure counsel necessarily would be futile.

## III.    ORDER

For the reasons stated, Plaintiff's motion for appointment of counsel (ECF No. 23) is DENIED without prejudice.

IT IS SO ORDERED.

Dated:   April 29, 2014                   /s/ *Michael J. Seng*
                                          UNITED STATES MAGISTRATE JUDGE

---

[1] See e.g., *Thornton v. Schwarzenegger*, 2011 WL 90320, *3–4 (S.D. Cal. January 11, 2011) (cases cited).

3