# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO VERA,<br><br>                    Plaintiff,<br><br>        v.<br><br>CONNIE GIPSON, Warden,<br><br>                    Defendant. | Case No.  1:13-cv-00870-AWI-MJS (PC)<br><br>**ORDER (1) DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND, and (2) DENYING INJUNCTIVE RELIEF**<br><br>**(ECF Nos. 27 & 28)**<br><br>**AMENDED PLEADING DUE IN THIRTY DAYS** |

Plaintiff initiated this action by filing pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court directed the habeas proceeding be converted to a 42 U.S.C. § 1983 civil rights action and that Plaintiff proceed in forma pauperis. The First Amended Complaint was dismissed for failure to state a claim.

Before the Court are (1) Plaintiff's motion for transfer to another facility, and (2) the Second Amended Complaint for screening.

I.      SCREENING REQUIREMENT

The Court must dismiss an in forma pauperis action at any time if the Court determines that the allegation of poverty is untrue, the action is frivolous or malicious, the action fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant immune from such relief. See 28 U.S.C. § 1915(e).

1

## II.   PLEADING STANDARD

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." *Wilder v. Virginia Hosp. Ass'n*, 496 U.S. 498, 508 (1990), quoting 42 U.S.C. § 1983. Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. *Graham v. Connor*, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See *West v. Atkins*, 487 U.S. 42, 48 (1988); *Ketchum v. Alameda Cnty.*, 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Id.* Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. *Id.* at 667-68.

Pro se pleadings must be liberally construed. See *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

## III.   PLAINTIFF'S ALLEGATIONS

Plaintiff's allegations can be summarized essentially as follows:

Plaintiff suffers unspecified lower body mobility problems and chronic pain. He was evaluated and treated by Defendant Reno Orthopedic Clinic ("ROC"). Later while incarcerated at Corcoran State Prison ("CSP"), he requested but did not receive his

2

1  ROC medical records or continuation of the ROC treatment plan.

2        He filed a prison appeal which was denied.

3        He claims CSP medical staff provided negligent care and denied accommodation

4  appliances and medical follow-up. He also asserts that they retaliated against him by

5  denying him medication to deliberately inflict cardiovascular disease and by transferring

6  him to a facility not suited to his medical needs.

7        Defendant Warden Gipson knew of these violations but took no action.

8        Defendant DeGuchi falsified a diagnosis.

9        The "corporation" fraudulently denied a second MRI.

10       Plaintiff requests the Court order proper medical treatment, delivery to him of his

11  medical records, and an end to the retaliation against him. He also seeks monetary

12  damages.

13  **IV.    DISCUSSION**

14       **A.    Linking Defendants to Violations**

15       A § 1983 plaintiff must demonstrate that each defendant personally participated

16  in the deprivation of his rights. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).

17  There must be an actual connection or link between the actions of the defendants and

18  the deprivation alleged to have been suffered by the plaintiff. See *Monell v. Department*

19  *of Social Services*, 436 U.S. 658 (1978).

20       Defendant warden Gipson cannot be held liable under § 1983 solely because of

21  her status as warden. There is no respondeat superior liability under § 1983. *Taylor v.*

22  *List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "Liability under [§] 1983 arises only upon a

23  showing of personal participation by the defendant. A supervisor is only liable for the

24  constitutional violations of . . . subordinates if the supervisor participated in or directed

25  the violations, or knew of the violations and failed to act to prevent them." *Redman*

26  *v. County of San Diego*, 942 F.2d 1435, 1446-47 (9th Cir. 1991).

27       Plaintiff's allegation that warden Gipson knew his rights were being violated and

28  failed to take action fails because it is not supported by any facts. See *Starr v. Baca*,

1  652 F.2d 1202, 1206-07 (9th Cir. 2011). "[A] plaintiff may state a claim against a

2  supervisor for deliberate indifference based upon the supervisor's knowledge of and

3  acquiescence in unconstitutional conduct by his or her subordinates." *Id.*

4  　　The amended pleading similarly lacks allegations against Defendants Neubath,

5  Bondoc and Moon. They are not linked to any rights violation.

6  　　If Plaintiff chooses to amend he must allege facts linking each named defendant

7  to a violation of his rights.

8  　　**B.　　Medical Indifference and Disability Accommodation**

9  　　　　1.　　Medical Indifference

10 　　A claim of medical indifference requires (1) a serious medical need, and (2) a

11 deliberately indifferent response by defendant. *Jett v. Penner*, 439 F.3d 1091, 1096 (9th

12 Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act

13 or failure to respond to a prisoner's pain or possible medical need and (b) harm caused

14 by the indifference. *Id.* Mere indifference, negligence, or medical malpractice is not

15 sufficient to support the claim. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir.

16 1980), citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976).

17 　　Plaintiff does not allege facts sufficient to demonstrate that any named Defendant

18 knowingly denied, delayed, or interfered with treatment of his serious medical needs, or

19 knowingly provided medically unacceptable care. He does not describe the nature and

20 extent of his mobility and pain condition(s) and how and why they presented a serious

21 medical need. *Jett*, 439 F.3d at 1096; see also *Scarver v. Litscher,* 371 F.Supp.2d 986,

22 999 (W.D. Wis. 2005), citing *Gutierrez v. Peters,* 111 F.3d 1364, 1369 (7th Cir. 1997)

23 ("serious medical needs" encompass conditions that are life-threatening or that carry

24 risks of permanent serious impairment if left untreated, those that result in needless

25 pain and suffering when treatment is withheld and those that have been diagnosed by a

26 physician as mandating treatment).

27 　　The medical records included with the Second Amended Complaint suggest only

28 suspected high blood pressure and bronchitis.

1    Even if Plaintiff had alleged a serious medical need, the allegations do not

2 demonstrate Defendants failed to respond or responded in a medically unacceptable

3 manner. See *Toguchi v. Chung*, 391 F.3d 1051, 1058-60 (9th Cir. 2004). Plaintiff does

4 not allege when and why he visited ROC; whether he was referred to ROC by CSP; the

5 results of ROC's evaluation, testing, diagnosis and treatment plan; if, when and why he

6 visited the CSP medical clinic; whether he had a CSP medical treatment plan; and how

7 and why the CSP medical staff were indifferent to his needs.

8    The allegation Plaintiff was denied follow-up care and medication deliberately to

9 inflict cardiovascular disease likewise is unsupported by fact. He does not explain what

10 medication and follow-up treatment(s) were denied, when, and the basis for his belief

11 this was intended to and did harm him. There is a similar lack of factual support for the

12 allegation Defendants "falsified" a diagnosis and "fraudulent[ly]" denied a second MRI.

13 As noted above, a claim Defendants were medically negligent is insufficient to state a

14 federal claim.

15    If Plaintiff chooses to amend he must allege facts demonstrating named

16 Defendants knowingly denied, delayed, or interfered with treatment of his serious

17 medical needs, or knowingly provided medically unacceptable care, harming him.

18                    2.    Disability Accommodation

19    Title II of the Americans with Disabilities Act ("ADA") "prohibit[s] discrimination on

20 the basis of disability." *Lovell v. Chandler*, 303 F.3d 1039, 1052 (9th Cir. 2002). "To

21 establish a violation of Title II of the ADA, a plaintiff must show that (1) [he] is a qualified

22 individual with a disability; (2) [he] was excluded from participation in or otherwise

23 discriminated against with regard to a public entity's services, programs, or activities;

24 and (3) such exclusion or discrimination was by reason of [his] disability." *Lovell*, 303

25 F.3d at 1052.

26    "To recover monetary damages under Title II of the ADA, a plaintiff must prove

27 intentional discrimination on the part of the defendant," and the standard for intentional

28 discrimination is deliberate indifference. *Duvall v. County of Kitsap*, 260 F.3d 1124,

1 1138 (9th Cir. 2001). "Deliberate indifference requires both knowledge that harm to a

2 federally protected right is substantially likely, and a failure to act upon that likelihood."

3 *Id.* at 1139. In the ADA context, a plaintiff must both "identify specific reasonable and

4 necessary accommodations that the state failed to provide" and show that defendant's

5 failure to act was "a result of conduct that is more than negligent, and involves an

6 element of deliberateness." *Id.* at 1140.

7 The "alleged deliberate refusal of prison officials to accommodate [a prisoner's]

8 disability-related needs in such fundamentals as . . . medical care . . . constitutes

9 exclusion from participation in or . . . denial of the benefits of the prison's services,

10 programs, or activities." *United States v. Georgia*, 546 U.S. 151, 157 (2006).

11 Plaintiff does not allege facts demonstrating a disability. The statement he

12 suffered from unspecified lower body mobility and pain condition(s) does not alone

13 demonstrate a disability. See *Hale v. King*, 642 F.3d 492, 500 (5th Cir. 2011), citing

14 Americans with Disabilities Act of 1990, § 3(1)(A), 42 U.S.C.A. § 12102(1)(A (under the

15 ADA, a disability is an impairment substantially limiting one or more of the major life

16 activities). Significantly he does not claim an accommodation chrono.

17 Even if he had alleged a disability, Plaintiff fails to explain what medical

18 accommodation he was denied. A lack of treatment for a medical condition is not a

19 basis for an ADA claim. *Burger v. Bloomberg*, 418 F.3d 882, 883 (8th Cir. 2005)

20 (medical treatment decisions not basis for ADA claims).

21 Any ADA claim against the individually named Defendants must relate to their

22 "official" rather than "individual" capacity. See e.g., *Heinke v. County of Tehama*

23 *Sheriff's Dept.*, No. CVI S-12-2433 LKK/KJN, 2013 WL 3992407, at *7 (E.D. Cal. Aug.

24 1, 2013). An official capacity claim is one in which CDCR system-wide decision making

25 authority or policy or practice was the moving force behind the alleged rights violation.

26 *Hafer v. Melo*, 502 U.S. 21, 25 (1991). The Second Amended Complaint does not allege

27 Defendants acted in an official capacity.

28 If Plaintiff chooses to amend he must allege facts demonstrating named

1  Defendants, in their official capacity, intentionally discriminated against him because of

2  his qualifying disability.

3  **C.      Health Care Appeal and Medical Records**

4            1.      Appeals

5  Prison staff actions in responding to Plaintiff's prisoner grievance alone cannot

6  give rise to any claim for relief under § 1983 for violation of due process. "[A prison]

7  grievance procedure is a procedural right only, it does not confer any substantive right

8  upon the inmates." *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993), citing *Azeez v.*

9  *DeRobertis*, 568 F.Supp. 8, 10 (D.C. Ill. 1982). A prisoner does not have a claim of

10 entitlement to a grievance procedure. *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir.

11 1988); *Ramirez v. Galarza*, 334 F.3d 850, 860 (9th Cir. 2003).

12 Plaintiff may not assert a constitutional violation based solely on a claim

13 Defendants improperly handled and disposed of his health care grievance.

14            2.      False Records

15 Plaintiff claims falsification of medical records. However, he offers no facts to

16 suggest that such actions were the result of anything other than the exercise of

17 professional judgment or that that judgment was medically unacceptable. He does not

18 state why and how his medical records were false.

19 He does not have an independent right to an accurate prison record, *Hernandez*

20 *v. Johnston*, 833 F.2d 1316, 1319 (9th Cir. 1987).

21 Plaintiff may not assert a constitutional violation based solely on claimed falsity of

22 medical records.

23 **D.      Retaliation**

24 This claim requires: (1) an assertion that a state actor took some adverse action

25 against an inmate (2) because of (3) that inmate's protected conduct, and that such

26 action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action

27 did not reasonably advance a legitimate correctional goal. *Rhodes v. Robinson*, 408

28 F.3d 559, 567-68 (9th Cir. 2005).

1    Plaintiff claims Defendants retaliated by denying medication and by an adverse

2  transfer. However, he does not allege facts demonstrating protected conduct motivated

3  such adverse actions. See *Brodheim v. Cry*, 584 F.3d 1262, 1271 (9th Cir. 2009), citing

4  *Rhodes*, 408 F.3d at 568); see also *Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310,

5  1314 (9th Cir. 1989) (a plaintiff must show that his protected conduct was a "substantial"

6  or "motivating" factor behind the defendant's conduct).

7    If Plaintiff chooses to amend he must allege facts demonstrating named

8  defendants took adverse action against him because he undertook constitutionally

9  protected conduct.

10    **E.    Due Process**

11    The Due Process Clause protects prisoners from being deprived of liberty without

12  due process of law. *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). In order to state a

13  cause of action for deprivation of procedural due process, a plaintiff must first establish

14  the existence of a liberty interest for which the protection is sought. Liberty interests

15  may arise from the Due Process Clause itself or from state law. *Hewitt v. Helms*, 459

16  U.S. 460, 466–68 (1983). Liberty interests created by state law are limited to freedom

17  from restraint which "imposes atypical and significant hardship on the inmate in relation

18  to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995).

19    Prison officials are generally required to provide certain procedural notice and

20  hearing safeguards before taking adverse action in the classification and transfer

21  process. See 15 Cal. Code Regs. § 3375.

22    Assuming a liberty interest is implicated in Plaintiff's classification status, see

23  *Neal v. Shimoda*, 131 F.3d 818, 827 (9th Cir. 1997), his claim that he was adversely

24  transferred without the procedural due process protections guaranteed by federal law is

25  not factually supported.

26    If Plaintiff amends this claim, he must allege facts demonstrating that he was

27  adversely classified and transferred without due process.

28    **F.    State Law Claims**

8

1    The pleading makes reference to violation of California Penal Code §§ 206, 471,

2  673, 2652-2653, and 2656. Plaintiff does not show individual standing to enforce the

3  state criminal code. Even if standing were assumed, Plaintiff does not allege facts

4  demonstrating a basis for civil claim under these provisions and compliance with the

5  California Tort Claims Act ("CTCA"). Under the CTCA, a plaintiff may not maintain an

6  action for damages against a public employee unless he has presented a written claim

7  to the state Victim Compensation and Government Claims Board within six months of

8  accrual of the action. See Cal. Gov't Code §§ 905, 911.2(a), 945.4 & 950.2; *Mangold v.*

9  *California Pub. Utils. Comm'n*, 67 F.3d 1470, 1477 (9th Cir. 1995). Plaintiff also claims

10  violation of prison regulations, 15 Cal. Code Regs. §§ 3335, 3375.2, 3379. However, an

11  inmate does not have an independent claim under § 1983 for violation of prison

12  regulations. See *Chappell v. Perrez*, 2011 WL 2296816, *2 (E.D. Cal. June 8, 2011);

13  *Lamon v. Cate*, 2011 WL 773046, *9 (E.D. Cal. February 28, 2011); *Vasquez v. Tate*,

14  2012 WL 6738167, at *9 (E.D. Cal. December 28, 2012).

15    If Plaintiff amends this claim, he must allege facts showing an independent right

16  to enforce violation(s) of state law which violations were harmful to him. And he must

17  also show he has complied with state claims filing requirements.

18    **G.    Injunctive Relief**

19    Injunctive relief, whether temporary or permanent, is an "extraordinary remedy,

20  never awarded as of right." *Winter v. Natural Res. Defense Council*, 555 U.S. 7, 22

21  (2008). To prevail, the party seeking injunctive relief must show either "(1) a likelihood of

22  success on the merits and the possibility of irreparable injury, or (2) the existence of

23  serious questions going to the merits and the balance of hardships tipping in [the

24  moving party's] favor." *Oakland Tribune, Inc. v. Chronicle Publishing Company, Inc.*,

25  762 F.2d 1374, 1376 (9th Cir. 1985), quoting *Apple Computer, Inc. v. Formula*

26  *International, Inc.*, 725 F.2d 521, 523 (9th Cir. 1984); see *City of Los Angeles v. Lyons*,

27  461 U.S. 95, 101-102 (1983) (plaintiff must show "real and immediate" threat of injury).

28    Plaintiff has filed a motion seeking transfer to a 270 status facility.

1   Plaintiff cannot seek injunctive relief where, as here, no underlying federal claim

2   is stated. *City of Los Angeles*, 461 U.S. at 101-02 (plaintiff must show a "case or

3   controversy" and "real and immediate" threat of injury). His underlying Second Amended

4   Complaint fails to state any cognizable claim against Defendants, for the reasons

5   stated. Additionally Plaintiff's motion is entirely conclusory. It includes no facts

6   suggesting he suffered hardship or threaten injury from an improper classification.

7   **V.     CONCLUSIONS AND RECOMMENDATION**

8   The Second Amended Complaint fails to state any cognizable claim. Plaintiff has

9   not demonstrated a need for and entitlement to injunctive relief.

10   The Court will provide Plaintiff with **one final** opportunity to file an amended

11   complaint consistent with this Order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir.

12   1987).

13   If Plaintiff opts to amend, his amended complaint should be brief, Fed. R. Civ. P.

14   8(a), but must state what each named defendant did that led to the deprivation of

15   Plaintiff's constitutional or other federal rights, *Iqbal*, 556 U.S. at 677-78, consistent with

16   this Order. Although accepted as true, the "[f]actual allegations must be [sufficient] to

17   raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

18   Further, Plaintiff may not change the nature of this suit by adding new, unrelated claims

19   in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

20   Finally, an amended complaint supersedes the original complaint, *Forsyth v.*

21   *Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567

22   (9th Cir. 1987), and must be "complete in itself without reference to the prior or

23   superseded pleading." Local Rule 220.

24   Based on the foregoing, it is HEREBY ORDERED that:

25   1.     The Clerk's Office shall send Plaintiff (1) a blank civil rights amended

26          complaint form and (2) a copy of his Second Amended Complaint filed

27          June 12, 2014,

28   2.     Plaintiff's Second Amended Complaint (ECF No. 28) is DISMISSED for

10

1    failure to state a claim upon which relief may be granted,

2    3.    Plaintiff's motion for injunctive relief (ECF No. 27) is DENIED without

3          prejudice,

4    4.    Plaintiff shall file a third amended complaint within thirty (30) days from

5          service of this Order, and

6    5.    If Plaintiff fails to file an amended complaint in compliance with this Order,

7          the undersigned will recommend this action be dismissed, with prejudice,

8          for failure to state a claim and failure to prosecute, subject to the "three

9          strikes" provision set forth in 28 U.S.C. § 1915(g). *Silva v. Di Vittorio*, 658

10         F.3d 1090 (9th Cir. 2011).

11

12

13   IT IS SO ORDERED.

14   Dated:    June 23, 2014                    /s/ *Michael J. Seng*

15                                          UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21

22

23

24

25

26

27

28