# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO VERA,<br><br>  Plaintiff,<br><br>  v.<br><br>CONNIE GIPSON, Warden,<br><br>  Defendant(s). | Case No. 1:13-cv-00870-AWI-MJS (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO OBEY A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>**(ECF No. 33)**<br><br>**FOURTEEN (14) DAY OBJECTION DEADLINE** |

## I. PROCEDURAL HISTORY

Plaintiff initiated this action by filing pro se a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court directed the habeas proceeding be converted to a 42 U.S.C. § 1983 civil rights action and that Plaintiff proceed in forma pauperis. A Second Amended Complaint was filed but dismissed by the Court because it failed to state a claim. Plaintiff was given leave to file a third amended complaint by not later than July 28, 2014. Plaintiff requested and was granted an extension of that deadline to September 2, 2014. The September 2nd deadline passed without Plaintiff either filing an amended pleading or seeking an extension of time to do so.

The Court then ordered Plaintiff, by not later than September 29, 2014, to show cause why the action should not be dismissed. (ECF No. 33.) The September 29, 2014

1

deadline passed without Plaintiff responding further.

## II.   DISCUSSION

Local Rule 110 provides that "failure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute, failure to obey a court order, or failure to comply with local rules. See, e.g., *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of a complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260-61; *Ghazali*, 46 F.3d at 53.

In the instant case, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury

2

arises from the occurrence of unreasonable delay in prosecuting this action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is outweighed here because Plaintiff has failed to comply with the Court's order that he file an amended civil rights complaint. Notwithstanding extension of time, Plaintiff has before the Court no cognizable claim for relief against any named Defendant. Finally, as for the availability of lesser sanctions, at this stage in the proceedings there is little available which would constitute a satisfactory lesser sanction while preserving scarce Court resources. Plaintiff has not paid the filing fee for this action and is likely unable to pay, making monetary sanctions of little use.

Plaintiff was previously advised that failure to respond to the Court's order by the September 29, 2014 deadline would result in a recommendation the action be dismissed with prejudice subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g). (See ECF No. 33, 3:10-13.)

**III.    LEGAL CONCLUSIONS AND RECOMMENDATION**

Plaintiff has not shown good cause in avoidance of dismissal and has not filed an amended civil rights complaint as ordered. The undersigned recommends that the action be dismissed with prejudice, that dismissal count as a strike pursuant to 28 U.S.C. § 1915(g), and that the Clerk of the Court terminate any and all pending motions and close the case.

The Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with the Findings and Recommendation, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." A party may respond to another party's objections by filing a response within fourteen (14) days after being served with a

3

copy of that party's objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   October 24, 2014          /s/ *Michael J. Seng*
                                   UNITED STATES MAGISTRATE JUDGE