UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GUILLERMO VERA ,

    Plaintiff,

  v.

CONNIE GIPSON,

    Defendant.

CASE NO. 1:13-cv-00870-AWI-MJS (PC)

**ORDER DENYING MOTION FOR RECONSIDERATION**

**(ECF No. 37)**

## I. PROCEDURAL HISTORY

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. Plaintiff initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court directed the habeas proceeding be converted to a 42 U.S.C. § 1983 civil rights action. (ECF No. 14.)

Plaintiff's first amended complaint was dismissed for failure to state a claim, but he was given leave to amend. (ECF No. 17.) On June 24, 2014, the Court screened Plaintiff's second amended complaint and again dismissed for failure to state a claim. (ECF No. 29.) Plaintiff was afforded thirty days in which to file an amended pleading. (Id.) Plaintiff requested a sixty day extension of time (ECF No. 31) and, on July 28, 2014, the Court granted Plaintiff a thirty day extension of time to file his amended pleading. (ECF No. 32.) The thirty day deadline passed without Plaintiff filing an amended

1

1  pleading or seeking an extension of time to do so.

2  On September 11, 2014, the Court ordered Plaintiff to show cause why the action

3  should not be dismissed. (ECF No. 33.) Plaintiff filed no response.

4  On October 27, 2014, the Magistrate Judge assigned to the action issued findings

5  and a recommendation to dismiss the action for failure to obey a court order and failure

6  to prosecute. (ECF No. 34.) Plaintiff filed no objections. The undersigned adopted the

7  findings and recommendation on November 20, 2014 (ECF No. 35), judgment was

8  entered thereon (ECF NO. 36), and the action was closed.

9  Before the Court is Plaintiff's December 8, 2014 "Motion to Amend the Findings"

10  (ECF No. 37), which the Court construes as a motion for reconsideration. Additionally,

11  on February 26, 2015, Plaintiff lodged a proposed third amended complaint. (ECF No.

12  38.)

13  **II.    LEGAL STANDARD**

14  Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from

15  an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an

16  equitable remedy to prevent manifest injustice and is to be utilized only where

17  extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008)

18  (internal quotations marks and citation omitted).

19  "A motion for reconsideration should not be granted, absent highly unusual

20  circumstances, unless the district court is presented with newly discovered evidence,

21  committed clear error, or if there is an intervening change in the controlling law." Marlyn

22  Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009).

23  "A motion for reconsideration may not be used to raise arguments or present evidence

24  for the first time when they could reasonably have been raised in earlier litigation." Id.

25  Moreover, "recapitulation of the cases and arguments considered by the court before

26  rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands

27  Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony

28

1  Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j)

2  requires that a party seeking reconsideration show that "new or different facts or

3  circumstances are claimed to exist which did not exist or were not shown upon such

4  prior motion, or what other grounds exist for the motion . . . ."

5  **III.    ANALYSIS**

6        Plaintiff states that, on November 2, 2014, he filed a motion for a sixty day

7  extension of time in which to respond to the findings and recommendations. (ECF No.

8  37.)

9        No November 2, 2014 motion for extension of time was received by the Court.

10  Plaintiff's motion for reconsideration does not state the basis for seeking an extension of

11  time. Nor does Plaintiff explain his failure to timely obey the Court's order that he file an

12  amended complaint (ECF Nos. 29 & 32) or his failure to respond to the order to show

13  cause (ECF No. 33). Accordingly, Plaintiff has not provided a basis for reconsideration.

14  **IV.    CONCLUSION AND ORDER**

15        Based on the foregoing, Plaintiff's motion for reconsideration (ECF No. 37) is

16  HEREBY DENIED. His lodged third amended complaint will not be filed, and the case

17  remains closed.

18

19  IT IS SO ORDERED.

20  Dated:   March 19, 2015   _____

21                              SENIOR  DISTRICT  JUDGE

3