UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GUILLERMO VERA , <br><br> Plaintiff, <br><br> v. <br><br> CONNIE GIPSON, <br><br> Defendant. | CASE NO. 1:13-cv-00870-AWI-MJS (PC) <br><br> **ORDER DENYING MOTION TO AMEND THE FINDINGS** <br><br> **(ECF No. 41)** |

**I.    PROCEDURAL HISTORY**

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 28 U.S.C. § 1983. Plaintiff initiated this action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Court directed the habeas proceeding be converted to a 42 U.S.C. § 1983 civil rights action. (ECF No. 14.)

Plaintiff's first amended complaint was dismissed for failure to state a claim, but he was given leave to amend. (ECF No. 17.) On June 24, 2014, the Court screened Plaintiff's second amended complaint and again dismissed for failure to state a claim. (ECF No. 29.) Plaintiff was afforded thirty days in which to file an amended pleading. (Id.) Plaintiff requested a sixty day extension of time (ECF No. 31) and, on July 28, 2014, the Court granted Plaintiff a thirty day extension of time to file his amended pleading.

1

(ECF No. 32.) The thirty day deadline passed without Plaintiff filing an amended pleading or seeking an extension of time to do so.

On September 11, 2014, the Court ordered Plaintiff to show cause why the action should not be dismissed. (ECF No. 33.) Plaintiff filed no response.

On October 27, 2014, the Magistrate Judge assigned to the action issued findings and a recommendation to dismiss the action for failure to obey a court order and failure to prosecute. (ECF No. 34.) Plaintiff filed no objections. The undersigned adopted the findings and recommendation on November 20, 2014 (ECF No. 35), judgment was entered thereon (ECF NO. 36), and the action was closed.

On December 8, 2014 Plaintiff filed a "Motion to Amend the Findings" (ECF No. 37) and lodged a proposed amended complaint (ECF No. 38). The Court construed these submissions as a motion for reconsideration and denied the motion. (ECF No. 39.)

Presently before the Court is Plaintiff's March 24, 2016 "Motion to Amend the Findings." (ECF No. 41.) The Court will again construe the motion as a motion for reconsideration.

**II.    LEGAL STANDARD**

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances" exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and citation omitted).

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009). "A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised in earlier litigation." Id.

Moreover, "recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." U.S. v. Westlands Water Dist., 134 F. Supp. 2d 1111, 1131 (9th Cir. 2001) (quoting Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856-57 (D.N.J. 1992)). Similarly, Local Rule 230(j) requires that a party seeking reconsideration show that "new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion . . . ."

### III. ANALYSIS

Plaintiff states only that, in retaliation for filing his complaint in this action, he was transferred from Kern Valley State Prison to High Desert State Prison. The Court notes that Plaintiff presently is housed at Salinas Valley State Prison.

Plaintiff once again fails to explain his failure to obey the Court's order that he file an amended complaint (ECF Nos. 29 & 32), his failure to respond to the order to show cause (ECF No. 33), and his failure to object to the findings and recommendation that the action be dismissed (ECF No. 34). Accordingly, Plaintiff has not provided a basis for reconsideration.

### IV. CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's motion to amend the findings (ECF No. 41) is HEREBY DENIED and the case remains closed.

IT IS SO ORDERED.

Dated:  June 21, 2016                                  /s/ signature

                                    SENIOR DISTRICT JUDGE